## Delong v. Commonwealth.

(Decided April 30, 1926.)

### Appeal from Floyd Circuit Court.

1.   Criminal Law.—Superiority in number of witnesses against a finding does not authorize reversal, if substantial evidence supports judgment.
2.   Criminal Law—Verdict of Conviction Held Not Contrary to law or Evidence or the Result of Passion or Prejudice, Because Three Witnesses Corroborated Defendant and Contradicted State's Only Witness.—A conviction for sale of intoxicating liquors held not contrary to law or evidence, or the result of passion or prejudice, because state's only witness was contradicted by defendant and three witnesses.
3.   Criminal Law—Instruction that, "Unless You Believe Defendant has been Proven Guilty, You Will Find Him Not Guilty," Held Erroneous (Criminal Code of Practice, Section 238).—Instruction in prosecution for sale of intoxicating liquors that, "unless you believe defendant has been proven guilty you will find him not guilty," held erroneous, under section 238, Criminal Code of Practice.

JOE HOBSON and B. M. JAMES for appellant.

FRANK E DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Goodpaster.—Reversing.

The appellant, Sherman Delong, was tried in the Floyd quarterly court at its regular March term, 1925, under a warrant charging him with selling spirituous

liquor to Taulbee Maynard; he was found guilty and his punishment was fixed at a fine of $100.00 and confinement in the county jail for a period of thirty days. He appealed from said judgment to the Floyd circuit court and was there found guilty and his punishment fixed at a fine of $100.00 and confinement in the county jail for a period of thirty days. He has appealed from that judgment to this court, alleging three reasons for reversal of the judgment: (a) Because the verdict was so flagrantly against the weight of the evidence that the jury in making it must have been influenced by passion or prejudice; (b) the court erred in refusing to instruct the jury to find the appellant not guilty; (c) the instructions were erroneous.

Taulbee Maynard, who was introduced as a witness for the Commonwealth, testified that he purchased of appellant two bottles of whiskey for which he paid him $1.00 for each bottle. That was the only evidence tending to show a sale of any whiskey.

The appellant testified that he did not sell or give whiskey to Maynard and he introduced three witnesses, each of whom testified that he was present at the time the whiskey was alleged to have been sold and that there was no whiskey sold by the appellant to said Maynard.

The appellant by counsel moved the court to instruct the jury to find the defendant not guilty and insisted that the evidence was not sufficient to convict him. We can not agree with the contention that the verdict of the jury is against the law or evidence or was reached as the result of passion or prejudice.

It has frequently been held by this court that the superiority in the number of witnesses against a finding does not authorize a reversal of a judgment if there is substantial evidence supporting it. It was within the province of the jury to believe the witnesses for the Commonwealth or the witnesses introduced by appellant. They accepted the statements made by the prosecuting witness. The verdict based on those statements can not be successfully attacked on the ground that it is contrary to the law or evidence or that it was the result of passion or prejudice.

The jury were told in the first instruction that if they believed from the evidence beyond a reasonable doubt the defendant, Sherman Delong, in Floyd county and within twelve months before the issuing of the warrant sold the prosecuting witness, Taulbee Maynard, intoxi-

cating liquor as charged in the warrant, they should find him guilty and fix his fine at any sum not less than one nor more than three hundred dollars and imprisonment for not less than thirty nor more than sixty days in the county jail.

The second instruction is erroneous and reads as follows: "Unless you believe the defendant has been proven guilty, you will find him not guilty." Section 238 of the Criminal Code reads as follows: "If there be a reasonable doubt of the defendant being proven to be guilty he is entitled to acquittal." The jury should have been instructed substantially as required by that section. Hence the instruction should have read substantially as follows: "If you entertain a reasonable doubt from the evidence of the guilt of the accused he is entitled to an acquittal."

Instruction No. 2 given by the court being prejudicial to the substantial rights of the appellant, this case should be and it is reversed for proceedings consistent with this opinion.